MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

THOMAS E. STEVENS (CABN 168362)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California  94102
    Telephone:  (415) 436-7232
    Facsimile:  (415) 436-7234
    Email:  Thomas.Stevens@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 12-0459 MMC |
|     Plaintiff, | |
| v. | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| MYRA MINKS, TIFFANY CONLEY, LETITIA MAYS, ANDREA MOHR, | |
|     Defendants. | |

       Pursuant to Fed. R. Crim. P. 16(d), the United States and the defendants, through their undersigned counsel, hereby stipulate and agree that the Court should issue the proposed Protective Order requiring that all documents and other materials produced by the government to the defendants be subject to the following conditions:

       1.     <u>Protected Material</u>

       The government anticipates producing a relatively large volume of documents in this case.  Portions of the discovery include confidential personal identifying information (*e.g.*, residential and email addresses, telephone numbers, social security numbers) and financial

STIPULATION AND [PROPOSED] PROTECTIVE ORDER, Case No. CR-12-0459 MMC

information (*e.g.*, bank account numbers) relating to each of the defendants and certain third parties.

In order to expedite discovery, and avoid any potential delay which might result from redacting confidential information from the documents prior to their production, the parties have agreed to certain restrictions on documents labeled and otherwise classified as "Protected Material."  In the government's production dated July 9, 2012, the following documents are Protected Material:  bank records (DOJ 00003 – 772), summaries of selected telephone record data (DOJ 000773 – 980), and underlying telephone data obtained from phone carriers (DOJ 000981 – 991).  In any further productions, if the government considers any of the materials to be Protected Material, the government shall so indicate on the cover of any CDs, hard-copy documents or other media by which such information is produced, and/or in the accompanying cover letter.

Possession of copies of the Protected Material shall be limited to attorneys for the defendants, including any investigators, paralegals, law clerks, assistants and other persons who are within the attorney-client privilege (hereinafter collectively referred to as "members of the defense team").  The defendants may possess the Protected Material only in the presence of their attorneys or members of the defense team; the defendants may not retain their own copies.

The defendants, their attorneys, and members of the defense team may use the Protected Material for any purpose consistent with defending against the allegations in the Indictment.  The defendants, their attorneys, and members of the defense team may show the Protected Material to witnesses or prospective witnesses in conjunction with their defense of this case, but may not permit such persons to retain copies.  The defendants, their attorneys, and members of the defense team agree not to share, duplicate, or give copies of the Protected Material to other persons.

Pursuant to Fed. R. Crim. P. 16(d)(1), the parties may, for good cause shown, seek an order modifying this Protective Order to, for example, exclude certain documents from the category of Protected Material, and nothing about this stipulation and order shall constrain the

STIPULATION AND [PROPOSED] PROTECTIVE ORDER, Case No. CR-12-0459 MMC

ability of the parties to seek, or the ability of the Court to grant, such relief.

  2. <u>Court Filings</u>

  The parties further agree that they will make good faith efforts to undertake all reasonable and practicable steps to prevent the public disclosure in court filings of confidential information (including, but not limited to, social security numbers, phone numbers, addresses, email addresses) that is contained in the Protected Material.  Such steps may include, but are not limited to, filing under seal, redacting, or coding the information.

  3. <u>Return or Destruction of Protected Material</u>

  The defendants, their attorneys and the members of the defense team shall return to the government all Protected Material provided pursuant to this Protective Order, or certify in writing to the U.S. Attorney's Office that the Protected Material has been destroyed, within ninety (90) calendar days after any one of the following events, whichever occurs latest in time: (a) dismissal of all charges against the applicable defendant; (b) a defendant's acquittal after trial by court or jury; (c) if defendant is convicted, the expiration of the time period in which a direct appeal may be taken; (d) if a direct appeal is taken, the date on which any such appeal is finally determined; and, (e) expiration of time for the defendant's application for habeas corpus relief.

  The government will maintain a copy of all Protected Material in compliance with its normal document retention policies.

SO STIPULATED.

DATED:  July 11, 2012      MELINDA HAAG
                United States Attorney


                _____/s_____
                Thomas E. Stevens
                Assistant United States Attorney


DATED:  July 11, 2012      _____/s_____
                Gail Shifman
                Counsel to Myra Minks

STIPULATION AND [PROPOSED] PROTECTIVE ORDER, Case No. CR-12-0459 MMC

DATED: July 11, 2012

/s
Timothy Crudo
Counsel to Tiffany Conley

DATED: July 11, 2012

/s
Brian Berson
Counsel to Letitia Mays

DATED: July 11, 2012

/s
Brendan Conroy
Counsel to Andrea Mohr

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: July 13, 2012

MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] PROTECTIVE ORDER, Case No. CR-12-0459 MMC

4